## SETTLEMENT AGREEMENT AND RELEASE

O'Connell Protection Services, LLC, and James O'Connell (collectively, "Defendants") and Joseph Harris ("Plaintiff") have agreed, in good faith, to avoid the time, expense and effort of engaging in further litigation by fully and finally resolving and settling all claims relating to this action, and therefore agree as follows:

1. **Definitions**.

    a. "Parties" shall be defined as Plaintiff and Defendants, collectively.

    b. "Action" refers to the lawsuit filed by Plaintiff against Defendants on April 12, 2017, in the United States District Court, Eastern District of New York, Index No. 17-CV-02226 (SJF)(AKT), in which he has asserted various claims and avers he is entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for notice violations and wage statements under the NYLL.

2. **Consideration**. In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest and any and all other claims and potential claims relating to the payment of wages asserted by the Plaintiff, including attorney's fees and costs, Defendants hereby agree to cause to be paid to the Plaintiff the gross sum of **Thirty One Thousand Five Hundred Dollars and Zero Cents ($31,500)** ("Settlement Amount") as follows:

    a. Within twenty (20) days of the full execution of this Agreement, Defendants agree to forward to Defendants counsel the checks set forth below. Defendants' counsel shall hold same in escrow until the terms of this Agreement have been approved by the Court. Once the Court approves this Agreement, Defendants counsel shall release the Settlement Amount to Plaintiff's counsel within five (5) days of notice of same. The three (3) checks, constituting the Settlement Amount, shall be made payable as follows:

        i. One check made payable to "Joseph Harris" in the amount of Ten Thousand Three Hundred and Fifteen Dollars ($10,315) less applicable withholdings, representing payment of economic damages, to be reported on an IRS Form W-2;

        ii. One check made payable to "Joseph Harris" in the amount of Ten Thousand Three Hundred and Fifteen Dollars ($10,315), representing liquidated and other non-economic damages, to be reported on an IRS Form 1099- MISC (Box 3); and

1

                iii.        One check made payable to "Abdul Hassan Law Group, PLLC," in the amount of in the amount of Ten Thousand Eight Hundred and Seventy Dollars ($10,870), representing a 1/3 contingency fee ($10,315), plus costs of ($555), to be reported on an IRS Form 1099-MISC (Box 4).

        b.        Plaintiff acknowledges that he will be issued a form W-2 at the appropriate time for all amounts representing Plaintiff's economic damages and shall make all lawful deductions in accordance with a tax W-4 transmitted by Plaintiff at the time he transmits an executed copy of this Agreement.

        c.        Plaintiff acknowledges that the Defendants may issue a tax form 1099 at the appropriate time for all amounts representing liquidated damages and Plaintiff's attorneys' fees and costs.

        d.        All payments set forth above shall be delivered to or mailed via overnight delivery to the Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, NY 11427.

      3.    **Release**.   In consideration of the payment to Plaintiff by Defendants of the Settlement Amount constituting good and valuable consideration, Plaintiff hereby, acting on his own free will and volition, and on behalf of himself, heir administrators, executors, representatives, successors and assigns, in their capacities as such, release the Defendants, as well as Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be an "employer" both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, sick time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, New York City law, the Equal Pay Act, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

      4.    **No Admission of Wrongdoing**.  By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it,

shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the Parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendants, who expressly deny any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

     5.    **Default Provisions.**    In the event that any payments described in Paragraph 2 are not received by Plaintiff's counsel by the dates set forth above, Plaintiff's counsel shall provide written notice to Defendants' counsel, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, via email at KGutstein@kdvlaw.com, of said non-payment or incomplete payment. Defendants will have fourteen (14) days from the date of receipt of Plaintiff's written notice to remedy the untimely or incomplete payment(s) before Plaintiff deems Defendants to be in default and the Agreement breached. If Defendants duly remedy the untimely or incomplete payment(s) before the expiration of that fourteen (14) day period, Defendants shall not be in default and the Agreement shall not be breached. Plaintiff and his counsel shall have the right to a judgment or supplemental judgment against Defendants **O'Connell Protection Services, LLC, and James O'Connell, individually and jointly**, in the amount of Forty-Five Thousand Dollars ($45, 000) less any monies paid by Defendants at the time of default plus legal fees and costs incurred by Plaintiff and his counsel in connection with the default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

     6.    **Hold Harmless and Indemnification**.    Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiff's failure to pay any taxes related to any income garnered by and through this Agreement.

     7.    **Withdrawal of Actions**.    Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions relating to wage and hour claims pending against any and all Releasees, both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind which are covered by the release in this agreement.

     8.    **Acknowledgments and Affirmations**.

          a.    Plaintiff acknowledges that, upon payment as described in Paragraph 2 herein, he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

        b.        Plaintiff acknowledges that upon receipt of all of the payments set forth in Paragraph 2 of this Agreement, he has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours or stretch pay, withheld payroll deductions, call in pay, vacation or sick pay, accrued benefits (including, but not limited to, health care benefits), bonus or commission.

9.    **References.** In the event that a prospective employer contacts Defendants seeking a reference for Plaintiff, and provided that Plaintiff directs said prospective employer solely to James O'Connell, via email at Jamie@oconnellprotection.com, Defendants will provide a neutral reference, confirming only Plaintiff's last job title, dates of employment and nothing further.

10.    **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, Plaintiff and Defendants affirm that either Party may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s). In the event any Party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other Party or Parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that Party or those Parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

11.    **Entire Agreement.**    This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the Party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each Party stipulates and agrees that, in entered into this Agreement, they are not relying on any representation made by any other Party unless such representation is expressly set forth herein.

12.    **Legal Fees**. Except as provided for in this Agreement, each Party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13.    **Drafting and Headings.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, the Agreement shall not be interpreted in favor or against either Party on account of such Party's counsel having drafted this Agreement. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

14. **Execution of Additional Documents as Necessary**. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal.

15. **Counterparts**: This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute together one instrument, and will be effective upon execution of all Parties. Photographic and facsimiled copies of such signed counterparts may be used in lieu of the originals for any purpose.

16. **Notices**. For the purposes of this Agreement, the Parties hereby agree that any notices, correspondence, communications and payments shell be directed as follows: For Plaintiff(s): Abdul Hassan, Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, NY 11427. For Defendant(s): Keith J. Gutstein, Kaufman, Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, NY 11797.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

_____
JOSEPH HARRIS

On ⸱Januar. 5 , 2018, before me personally came Joseph Harris, to me known, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that he executed the same.

_____
Notary Public

ANISA K. KHAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KH6323018
Qualified in Queens County
My Commission Expires 2/13/19

[DEFENDANTS' SIGNATURES ON NEXT PAGE]

5

_____
JAMES O'CONNEL
Date:

_____
O'CONNELL PROTECTION SERVICES, LLC
Name:   JAMES O'CONNELL
Title:   OWNER/MANAGER
Date:   1/5/18

4837-7915-5034, v. 1

6